**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATHANAEL M. NYAMEKYE, | ) | CIVIL ACTION NO. 17-852 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MITSUBISHI ELECTRIC POWER | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**CONTI, Chief District Judge**

### I.      Introduction

On January 2, 2018, the court dismissed without prejudice the complaint in this employment discrimination action and marked the case closed because plaintiff Nathaniel M. Nyamekye ("plaintiff") did not comply with the court's order to show cause about how he wished to proceed in this case, i.e., pro se or with representation by counsel. (ECF No. 19.) Plaintiff thereafter filed a motion to reopen case, pursuant to Federal Rule of Civil Procedure 60, (ECF No. 20), which the court granted. Currently pending before the court is a motion for reconsideration of the court's order reopening the case filed by defendant Mitsubishi Electric Power Products, Inc. ("defendant"). (ECF No. 24.) Defendant argues, among other things, that the court erred by granting the motion to reopen case before defendant filed a response to the motion and further erred when it decided the motion under Rule 60 because the court's order dismissing the case was not a final order or judgment. (Id.)

For the reasons set forth in this opinion, defendant's motion for reconsideration will be granted. The court's order dated January 31, 2018, will be vacated, and the

motion to reopen case will be denied. Plaintiff, however, will be given an opportunity to request reconsideration of the court's order dated January 2, 2018, dismissing the case without prejudice under the appropriate rule of civil procedure.

## II.    Procedural History

On June 27, 2017, plaintiff initiated this case by filing a complaint against defendant. (ECF No. 1.) The complaint contains the following three counts:

- Count I—wrongful termination under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654;

- Count II—discrimination under 42 U.S.C. § 1981; and

- Count III—retaliation under 42 U.S.C. § 1981.

(Id.) On August 28, 2017, defendant filed an answer and affirmative defenses. (ECF No. 10.)

On September 14, 2017, plaintiff's counsel filed a motion to withdraw as counsel and for a stay of proceedings. (ECF No. 14.) The court held a hearing on the motion, which it granted. The court permitted plaintiff's counsel to withdraw from the case and ordered a stay of the proceedings until November 27, 2017. (ECF No. 16.) The court ordered that on or before November 27, 2017, plaintiff was to obtain new counsel or advise the court that he would proceed pro se. (Id.)

On December 15, 2017, the court—having received no filings from plaintiff about whether he would proceed pro se or with the assistance of counsel—issued an order to show cause. (ECF No. 17.) The order to show cause, in pertinent part, provided:

As of the date of this order, plaintiff has failed to notify the court as to how he wishes to proceed.
Therefore, IT IS HEREBY ORDERED that plaintiff shall show cause by December 29, 2017, why this case should not be dismissed for plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that failure to file response will be construed by the Court as plaintiff's consent to the dismissal of this action for failure to prosecute.

(Id. at 1.)

As of January 2, 2018, plaintiff did not inform the court whether he intended to proceed pro or with representation of counsel. On that date, the court issued an order dismissing the case without prejudice. (ECF No. 19.) The order provided:

On or before 11/27/2017, plaintiff was required to find new counsel, enter an appearance, or advise the court that he would proceed pro se. As of 12/15/2017, plaintiff did not notify the court of how he wished to proceed with this case. The court entered an order to show cause instructing the plaintiff to show cause on or before 12/29/2017 why this case should not be dismissed for plaintiff's failure to prosecute. It was ordered that failure to file a response would be construed as plaintiff's consent to the dismissal of this action for failure to prosecute. The court was open on 12/29/2017, and plaintiff did not make any filing with the court to explain why this case should not be dismissed for failure to prosecute. It is, therefore, ORDERED that this case is DISMISSED WITHOUT PREJUDICE for failure to prosecute. The clerk shall mark the case closed.

(Id.)

On January 29, 2018, plaintiff's new counsel entered an appearance on the record and filed a motion to reopen case. (ECF Nos. 20, 21.) In the motion to reopen case, plaintiff asserted that:

[H]e contacted the Court via telephone very early on January 2, 2018 and spoke with somebody in the Clerk's office and informed of his efforts to secure another attorney.

…

[H]e erroneously thought that the call on January 2, 2018 was sufficient notification.

(ECF No. 20. ¶¶ 6-7.)

On January 31, 2018, the court issued an order granting the motion to reopen case. (ECF No. 23.) On February 9, 2018, defendant filed a motion for reconsideration (ECF No. 24) of the court's order granting plaintiff's motion to reopen case and a brief in

support of the motion (ECF No. 26). On March 5, 2018, plaintiff filed a response in opposition to the motion for reconsideration. (ECF No. 29.)

The motion for reconsideration having been fully briefed is now ripe for disposition by the court.

### III.    Standard of Review

Here, defendant seeks reconsideration of an interlocutory ruling, rather than a final judgment or order. While reconsideration of a final judgment or order may be considered under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b), "the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b)." Cezair v. JP Morgan Chase Bank N.A., Civ. Action No. 13-2928, 2014 WL 4955535, at *1 (D.Md. Sept. 30, 2014); see Qazizadeh v. Pinnacle Health Sys., 214 F.Supp.3d 292, 298 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

Here, the court's order granting the motion to reopen the case is not an adjudication of all claims, rights, or liabilities of the parties and does not end the action with respect to any claim or party. The court's order granting the motion to reopen the case is, therefore, an interlocutory order. Defendant's motion for reconsideration of that order must be considered under Rule 54(b).

A motion for reconsideration with respect to a *final* order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 F.App'x 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration is not to be used to relitigate or "rehash" issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

"'While the standards articulated in Rule[ ] ... 60(b) are not binding in an analysis of Rule 54(b) motions, courts frequently look to these standards for guidance in considering such motions.'" Ampro Computers, Inc. v. LXE, LLC, Civ. Action No. 13-1937, 2016 WL 3703129, at *2 (D.Del. July 8, 2016) (quoting Cezair, 2014 WL 4955535, at *1).[1] Reconsideration of interlocutory orders, however, "may be had even if the movant cannot show an intervening change in controlling law, the availability of new

---

[1] "An alleged clear error of fact, which meets the stringent requirements for reconsideration of final orders…logically meets the lesser threshold for reconsideration of interlocutory orders." Qazizadeh v. Pinnacle Health Sys., 214 F.Supp.3d 292, 298 (M.D. Pa. 2016).

evidence that was not available when the court issued the underlying order, or the 'need to correct a clear error of law or fact or to prevent manifest injustice.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "[T]he court may permit reconsideration whenever 'consonant with justice to do so.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting St. Mary's Area Water Auth. v. St. Paul Fire and Marine Ins. Co., 472 F.Supp.2d 630, 632 (M.D. Pa. 2007)); United States v. Jerry, 487 F.2d 600, 604 (3d Cir. 1973) ("'[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity.'") (quoting John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 90-91 (1922)).

While "district courts have more discretion in reconsidering interlocutory orders than in revising final judgments," Foster v. Westchester Fire Ins. Co., Civ. Action No. 09-1459, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012), the Third Circuit Court of Appeals has held that "[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively," and that "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions." In re Anthanassious, 418 F. App'x 91, 96 (3d Cir. 2011). Thus, courts should exercise this inherent power with a "light hand." Foster, 2012 WL 2402895, at *4 n.1. In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has explained that while " '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.' " In re Pharmacy Benefit Managers, 582 F.3d 432, 439 (3d Cir. 2009) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)).

## IV.   Discussion

### A.  Parties' Arguments

Defendant argues that this court erred because (1) it did not consider whether its order dismissing this case without prejudice was a final order or judgment, which is required by Rule 60, and (2) the court's order dismissing this case without prejudice was not a final order or judgment, and, therefore, the motion to reopen should not be decided under Rule 60. (ECF No. 26 at 2-3.) Defendant argues that it would be a manifest injustice to required it to litigate this case without providing defendant the opportunity to respond to the motion to reopen case. (Id. at 4-5.)

Plaintiff in its response concedes that the court's order dismissing the case without prejudice was not a final order or judgment because at the time the court dismissed the complaint the statute of limitations had not run with respect to counts II and III asserted under 42 U.S.C. § 1981. (ECF No. 29 at 2.) Plaintiff asserts, however, that "prior counsel made a scrivener's error" by asserting those claims under § 1981, and "the facts alleging the count [sic] point to a violation of § 1983." (Id.) According to plaintiff, the two-year statute of limitations for a § 1983 claim would have run at the time the court issued the order dismissing the case without prejudice. (Id.)

For the reasons that follow, defendant is correct. Reconsideration is warranted in this case, and the order dated January 31, 2018, will be vacated and plaintiff's motion to reopen case will be denied without prejudice. Plaintiff may, however, request reconsideration of the court's order dismissing the case without prejudice under Rule 54(b).

### B.  Analysis

**1.  The court's order dated January 2, 2018, was not a final order, and, therefore, Rule 60(b) was not the proper rule under which to decide plaintiff's motion to reopen case.**

7

The court granted plaintiff's request to reopen the case under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides:

> **(b) Grounds for Relief from a _Final_ Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b) (emphasis added). Defendant is correct that Rule 60(b) applies only to _**final**_ judgments or orders. Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (citing Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997)).

The court issued the order dismissing the complaint without prejudice on January 2, 2018. (ECF No. 19.) "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." Core Commc'ns, Inc. v. Verizon Pa., Inc., 493 F.3d 333, 337 (3d Cir. 2007). The Third Circuit Court of Appeals has explained:

> While "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint," ... "[t]his principle ... does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice" ... After the statute of limitations has run, an unconditional dismissal without prejudice is considered final.

Atkinson v. Middlesex Cnty., 610 F. App'x 109, 111 (3d Cir. 2015) (citations omitted). Based upon the foregoing, whether the order dated January 2, 2018, was a final order depends upon whether the statute of limitations with respect to each of plaintiff's claims had run at the time the court dismissed the claims without prejudice. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) ("This court has stated that although '[t]he principle is well-settled in this circuit that an order dismissing a complaint without prejudice is not a final and appealable order,' that principle does not apply where the statute of limitations has run.") (quoting Newark Branch, NAACP v. Harrison, N.J., 907 F.2d 1408, 1416 (3d Cir. 1990)).

Plaintiff alleges that his employment with defendant was terminated on June 30, 2015. (ECF No. 1 ¶ 21.) With respect to plaintiff's FMLA claim, "[t]he statute of limitations…[is] two years for an ordinary violation and three years for a willful violation." Grosso v. Fed. Exp. Corp., 467 F.Supp.2d 449, 455 (E.D. Pa. 2006) (citing 29 U.S.C. § 2617(1), (2)). Plaintiff does not argue that the three-year statute of limitations applies to his claim or that defendant willfully violated his rights under the FMLA. Under those circumstances, plaintiff was required to file his FMLA claim within two years of his termination, i.e., on or before June 30, 2017. The statute of limitations for plaintiff's § 1981 claims is four years. McGovern v. City of Phila., 554 F.3d 114, 115-16 (3d Cir. 2009) (citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004); 28 U.S.C. § 1658(a)). Under those circumstances, plaintiff is required to file his § 1981 claims on or before June 30, 2019.

Based upon the foregoing, at the time the court entered the order dated January 2, 2018, the statute of limitations for plaintiff's FMLA claim—but not his § 1981 claims— had expired. In other words, plaintiff after the complaint in this case was dismissed

could refile his § 1981 claims in a new lawsuit, but could not refile his FMLA claim. The Third Circuit Court of Appeals has explained: "'an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291.'" Morton Int'l, Inc. v. A.E. Staley M'fg Co., 460 F.3d 470, 476 (3d Cir. 2006) (quoting Carter v. City of Phila., 181 F.3d 339, 343 (3d Cir. 1999)). The order dated January 2, 2018, was, therefore, not a final order[2] although the statute of limitations for the FMLA claim had lapsed. Under those circumstances, defendant is correct that the order dated January 2, 2018, was not a final order, and, therefore, the court should not have analyzed plaintiff's motion to reopen under Rule 60(b).

Plaintiff concedes that the order dated January 2, 2018, was not a final order. He requests leave to file an amended complaint[3] to assert his § 1981 claims under 42

---

[2]     The Third Circuit Court of Appeals in Washington-El v. DiGuglielmo explained: An order resolving only some claims also may become final if a plaintiff withdraws his or her remaining claims with prejudice. See Erie County Retirees Ass'n v. County of Erie, 220 F.3d 193, 201–02 (3d Cir.2000). The dismissal of a remaining claim without prejudice, however, does not produce finality. See Morton Int'l, 460 F.3d at 476–77. That is true even if the dismissal is without prejudice to the plaintiff's right to file a new action rather than to reactivate the existing one. See id. at 478–81.3 That is also true even when the order dismissing the remaining claim without prejudice directs the Clerk to mark the case closed for statistical purposes. See id. at 481–82; Penn West Assocs., 371 F.3d at 128.
Washington-El v. DiGuglielmo, 365 F. App'x 338, 340 (3d Cir. 2010).

[3]     Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "[t]he court should freely give leave when justice so requires." "The Supreme Court has instructed that although 'the grant or denial of an opportunity to amend is within the discretion of the District Court, ... outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Third Circuit Court of Appeals has explained:
        There are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives,

U.S.C. § 1983. Plaintiff amending the complaint at this stage of the proceedings, however, would not retroactively convert the order dated January 2, 2018, into a final order from which plaintiff could seek relief under Rule 60(b).[4] Plaintiff's request for leave to file the amended complaint will be denied.

Based upon the foregoing, defendant's motion for reconsideration will be granted because Rule 60(b)—the rule under which the motion to reopen case was filed—does not provide plaintiff the relief he seeks. The order dated January 31, 2018,

---

(2) the amendment would be futile, or (3) the amendment would prejudice the other party."
U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016) (quoting U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014)).

The Third Circuit Court of Appeals has a "longstanding amendment rule" that "to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile." Fletcher-Harlee Corp., v. Pote Concrete Contractors, Inc., 482 F.3d 247 (3d Cir. 2007). The "failure to submit a draft amended complaint is fatal to a request for leave to amend." Id. (citing Ranke v. Sanofi–Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir.2006); Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 161 (3d Cir.2002); Lake v. Arnold, 232 F.3d 360, 374 (3d Cir.2000); Kelly v. Del. River Joint Comm'n, 187 F.2d 93, 95 (3d Cir.1951)). "[A] district court need not worry about amendment when the plaintiff does not *properly* request it." Fletcher-Harlee, 482 F.3d at 252. In other words, "properly requesting leave to amend a complaint requires submitting a draft amended complaint." Id. It should be noted that "'[w]hile Federal Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a mere request in [a brief in] opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a).'" U.S. ex rel. Gerasimos v. Genentech Inc., 855 F.3d 481, 494 (3d Cir. 2017) (quoting U.S. ex rel. Williams v. Martin-Baker Aircraft Co., 389 F.3d 1251, 1259 (D.C. Cir. 2004)).

First, plaintiff did not file a motion for leave to file an amended complaint. Second, plaintiff requested leave to file an amended complaint in its response to defendant's motion for reconsideration, but did not attach a proposed amended complaint to the response in opposition. Under those circumstances and in light of the foregoing authority, plaintiff did not properly request leave to file an amended complaint to assert § 1983 claims in place of his § 1981 claims. To the extent plaintiff requested leave to amend the complaint, the request is denied for not being properly filed.

[4]     It appears that permitting plaintiff leave to amend to file a § 1983 claim based upon the allegations in the complaint would be *futile* because plaintiff in the complaint did not plausibly allege that defendant acted under color of state law, which is a requirement of a § 1983 claim. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

will be vacated, and the motion to reopen case filed pursuant to Rule 60(b) will be denied without prejudice to plaintiff seeking relief under the appropriate rule of procedure.

## 2. Plaintiff may seek reconsideration of the court's order dated January 31, 2018, under Federal Rule of Civil Procedure 54(b).

The court's order dated January 2, 2018, was not a final order; rather, it was an interlocutory order. Plaintiff could refile his § 1981 claims, but could not refile his FMLA claims because the statute of limitations had lapsed with respect to that claim. Federal Rule of Civil Procedure 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Here, final judgment was not entered against plaintiff with respect any claim. Pursuant to Rule 54(b), therefore, the order dated January 2, 2018, which dismissed all claims without prejudice may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Id. As discussed above, a court may grant a motion for reconsideration under Rule 54(b) "whenever 'consonant with justice to do so.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting St. Mary's, 472 F.Supp.2d at 632). The court's analysis under Rule 54(b) may be guided by the principles underlying Rule 60(b). Ampro, 2016 WL 3703129, at *2. If plaintiff seeks reconsideration of the court's order dated January 2, 2018, he should file an motion under Rule 54(b) within ten days of the entry of this opinion and accompanying

order. Defendant within ten days of plaintiff filing his motion for reconsideration may file its response in opposition.

## V.    Conclusion

Reconsideration of the court's order dated January 31, 2018, granting plaintiff's motion to reopen this case is warranted. The court's order dated January 2, 2018, dismissing this action without prejudice was not a final order. Plaintiff, therefore, was not entitled to relief, i.e., the reopening of this case, under Rule 60(b). The order dated January 31, 2018, will be vacated, and the motion to reopen case will be denied. Plaintiff may seek relief under the appropriate procedural rule within ten days of the entry of this order, and defendant may file its response in opposition within ten days of plaintiff filing his motion. An appropriate order will be entered.

BY THE COURT,

Dated:  August 16, 2018                    /s/ Joy Flowers Conti
                                           Joy Flowers Conti
                                           Chief United States District Judge